UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Jose Luis Gutierrez, | File No. 19-cv-2857 (ECT/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Charlie Hoffman, Ciara Macklanburg, and Paul Christensen, *in their individual and official capacities*, | |
| Defendants. | |

---

Jose Luis Gutierrez, Moose Lake, MN, *pro se*.

Roger Yang, Office of the Minnesota Attorney General, Saint Paul, MN, for Defendants.

---

Plaintiff Jose L. Gutierrez is civilly committed to the Minnesota Sex Offender Program ("MSOP") for an indefinite term. In this § 1983 action, Gutierrez sued several employees of MSOP and the Minnesota Department of Human Services ("DHS"), the agency that administers MSOP, alleging that his removal from MSOP's vocational work program violated his Fourteenth Amendment right to Due Process. Defendants filed a Motion to Dismiss Gutierrez's suit under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Magistrate Judge Elizabeth Cowan Wright issued a Report and Recommendation ("R&R") on July 20, 2020, that recommends granting Defendants' motion and dismissing the Complaint without prejudice. ECF No. 25 at 19. Gutierrez filed objections to the R&R, ECF No. 26, to which the Defendants responded, ECF No. 27. Because Gutierrez objected, the R&R must be reviewed de novo pursuant to 28 U.S.C. § 636(b)(1) and Local Rule

72.2(b)(3). Having completed that de novo review, Magistrate Judge Wright's analysis and conclusions are correct.

I

MSOP's vocational work program is authorized by Minnesota law. Minn. Stat. § 246B.05, subd. 1. It is intended to provide "meaningful work skills training, educational training, and development of proper work habits and extended treatment services for civilly committed sex offenders." Minn. Stat. § 246B.06, subd. 1(a). "Civilly committed sex offenders participating in the vocational work program are not employees of [MSOP], [DHS], or the state . . . ." *Id.* subd. 7. Gutierrez participated in the vocational work program until July 2019, when he received a "Major Behavioral Expectation Report" and was removed from the program for a minimum of sixty days for falsifying his time card. *See* Compl. ¶ 15. Gutierrez alleges that his removal from the vocational work program did not comply with MSOP policy, which, according to the Complaint, states: "A client who receives three Vocational Treatment Notices for non-therapeutic incidents within a 90-day period may be removed from vocational programming." *Id.* ¶ 9. Gutierrez alleges the July time-card incident was his only disciplinary notice in ninety days and that, per MSOP policy, he should not have been removed from the vocational work program. *Id.*

Gutierrez submitted grievances to each of the Defendants asking to be reinstated to the vocational work program on the basis that he did not receive three Vocational Treatment Notices within a ninety-day period. *Id.* ¶¶ 11–17. He was advised that "[f]alsification of a time card is a serious matter," and that "[m]ost employers have written policies that list it as a cause for immediate termination of employment," and that the

2

vocational work program "is no exception." *Id.* ¶ 12. His removal from the vocational work program was upheld by Defendants. *Id.* ¶¶ 12, 16–17. Gutierrez alleges that his removal from vocational programming and Defendants' actions violated his Fourteenth Amendment right to Due Process. *Id.* ¶ 17.

## II

### A

The R&R first recommends dismissing Gutierrez's official capacity claims against Defendants, because Gutierrez nowhere alleges "that his removal from the vocational work program was pursuant to a government policy or custom" or that Defendants "act[ed] pursuant to an official policy." R&R at 10. Rather, Gutierrez alleges only "that Defendants failed to comply with the Vocational Programming Policy's provision authorizing MSOP employees to remove clients from the vocational work program when they receive three Vocational Treatment Notices within 90 days." *Id.* (citing Compl. ¶¶ 11–12, 14–16). Gutierrez's objection to this conclusion misunderstands the R&R's rationale—he argues that it "incorrectly holds Plaintiff was suing Defendants in their official capacities for money damages." Pl.'s Objs. at 3. This is not correct.

"A suit against a government official in his or her official capacity is 'another way of pleading an action against an entity of which an officer is an agent.'" *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). "Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by 'a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'"

3

*Gladden v. Richbourg*, 759 F.3d 960, 968 (8th Cir. 2014) (quoting *Monell*, 436 U.S. at 694). Gutierrez's Complaint fails to state a claim against Defendants in their official capacities because he pleads only that Defendants did *not* follow official policy when he was removed from the vocational work program. And as the R&R correctly notes, Gutierrez alleges no facts "plausibly suggesting that the alleged failure to follow the Vocational Programming Policy was the result of any such policy or custom." R&R at 10.

B

The R&R next recommends dismissing Gutierrez's individual-capacity claims against Defendants, because he identifies no "constitutionally protected liberty or property interest in participating in the MSOP's vocational work program." *Id.* at 15. Gutierrez has conceded that he "never alleged in the Complaint that he has a constitutional right to participate in the vocational work program." *Id.* (citing ECF No. 21 at 11). Instead, Gutierrez alleges he has an independent right to procedural due process "protected by the Fourteenth Amendment." Pl.'s Objs. at 7; R&R at 16. Gutierrez's objections do not identify any protected liberty or property interest in participating in MSOP's vocational work program, and his contention that the Fourteenth Amendment guarantees him "at least some procedural due process rights" even without such an interest, Pl.'s Objs. at 7, is plainly incorrect.

Procedural due process requires "the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). But, the requirements of procedural due process only apply to government decisions "which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause

4

of the Fifth or Fourteenth Amendment." *Id.* at 332.  To state a procedural due process claim, a plaintiff must show, first, the existence of a constitutionally protected liberty or property interest and, second, that the defendant(s) deprived him of that interest without constitutionally adequate process.  *Schmidt v. Des Moines Pub. Schs.*, 655 F.3d 811, 817 (8th Cir. 2011).  If the plaintiff cannot identify any protected liberty or property interest of which he was deprived, "any procedural due process claim necessarily fails."  *Beulieu v. Ludeman*, 690 F.3d 1017, 1047 (8th Cir. 2012); *see Senty-Haugen v. Goodno*, 462 F.3d 876, 886 (8th Cir. 2006) (explaining that courts do not consider what process is due unless a plaintiff has a protected liberty or property interest).

Gutierrez's individual-capacity claims against Defendants necessarily fail because he has identified no constitutionally protected liberty or property interest of which he was deprived without due process of law.  Contrary to Gutierrez's claim that the Fourteenth Amendment protects his right to procedural due process *itself*, independent of any protected interest, "[p]rocess is not an end in itself."  *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983).  Rather, procedural due process's "constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement."  *Id.*  Gutierrez does not allege a deprivation of any such interest.  Moreover, even if Gutierrez had alleged a protected interest in participating in the vocational work program, case law establishes that MSOP clients have no protected interest in employment while civilly committed.  *See Perseke v. Moser*, No. 16-cv-557 (PJS/LIB), 2016 WL 6275191, at *4 (D. Minn. Sept. 26, 2016), *report and recommendation adopted*, 2016 WL 6246761 (D. Minn. Oct. 25, 2016) (citing *Favors v. Hoover*, No. 13-cv-428 (JRT/LIB), 2014 WL 4954687, at *15 (D. Minn. Sept.

5

30, 2014)); *accord Wishon v. Gammon*, 978 F.2d 446, 450 (8th Cir. 1992) ("Prisoners have no constitutional right to educational or vocational opportunities during incarceration.").

C

Finally, Gutierrez objects to the R&R's conclusion that Defendants are entitled to qualified immunity and that the Complaint should be dismissed on that basis, as well. R&R at 18; Pl.'s Objs. at 8. "Qualified immunity shields government officials from liability unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would know." *Ferguson v. Short*, 840 F.3d 508, 510 (8th Cir. 2016) (citation omitted). Government officials are entitled to qualified immunity unless "(1) . . . the facts alleged or shown, construed most favorably to the plaintiffs, establish a violation of a constitutional right, and (2) . . . that constitutional right was clearly established at the time of the alleged misconduct, such that a reasonable official would have known that the acts were unlawful." *Small v. McCrystal*, 708 F.3d 997, 1003 (8th Cir. 2013) (citation omitted). The R&R concluded Defendants were entitled to qualified immunity because Gutierrez failed to establish a violation of a constitutional right. R&R at 18. Gutierrez objects that he "has adequately pleaded a constitutional violation." Pl.'s Objs. at 8. For the reasons stated in Part B, *supra*, Gutierrez has not established a constitutional violation, so Defendants are entitled to qualified immunity. Moreover, the Supreme Court's ruling in *Olim v. Wakinekona*, 461 U.S. at 250, shows that, even if Gutierrez could establish that an independent right to procedural due process exists independent of a protected liberty or property interest, such a constitutional right would not have been "clearly established" at the time Gutierrez was removed from the vocational work program.

6

## ORDER

Therefore, based on all the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1. Defendant Jose Luis Gutierrez's Objections to the Report and Recommendation [ECF No. 26] are **OVERRULED**;

2. The Report and Recommendation [ECF No. 25] is **ACCEPTED**;

3. Defendants' Motion to Dismiss [ECF No. 12] is **GRANTED**; and

4. This action is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 3, 2020            s/ Eric C. Tostrud
                                    Eric C. Tostrud
                                    United States District Court